### Woods and Another *v.* HARRIS, Assignee.

In a suit on a promissory note by the assignee of the payee against the makers, it was held that a debt due from the payee to one of the defendants, or from the payee and another person to the defendants, before the assignment, was not a good matter of set-off.

A plea in such suit to part, &c., showing that, before the assignment, the payee was indebted to each of the defendants in certain sums of money, and that the payee and another person were indebted in a certain other sum to the defendants, which debts amounted to, &c.,—and stating that such indebtedness was made so many payments on the note described in the declaration, and was received and accepted by the payee as a payment on the note before its assignment,—though informal, is good, on general demurrer, as a plea of accord and satisfaction to part, &c.

ERROR to the *Switzerland* Circuit Court.

BLACKFORD, J.—This was an action of debt for 1,108 dollars and 46 cents, brought by *Harris,* assignee of *Pollock,* against *Thomas Woods* and *Edward Armstrong,* on a promissory note. There were three pleas in bar. Upon the first and third there were issues to the country. The second was demurred to generally, and the demurrer sustained. The issues to the country were tried by the Court, and judgment rendered in favour of the plaintiff for the amount of the note.

The only error assigned is, that the demurrer to the second plea should not have been sustained. That plea is as follows:

As to 963 dollars and 92 cents, parcel, &c. the defendants say *actio non*, because they say that after the making of the note, and before the assignment, *Pollock* was indebted to the defendants in the sum of 963 dollars and 92 cents as follows, viz., 1. The sum of 55 dollars and 42 cents, for work and labour performed by said *Woods* for the said *Pollock* and at his request. 2. The sum of 20 dollars, for money laid out and expended by the said *Woods* for said *Pollock* and at his request. 3. The sum of 30 dollars and 50 cents, for money paid by said *Woods* to one *Crawls* for said *Pollock* and at said *Pollock's* request. 4. The sum of 58 dollars due to said *Armstrong* from said *Pollock* by the following due bill, viz. " Due *Edward Armstrong* 45 dollars, which I promise to pay by the 1st of *March* next; and 13 dollars likewise. *Nov.* 30, 1839. (Signed) *James T. Pollock.*" 5. The sum of 550 dollars for a promissory note executed by *Pollock* and one *Murray* his surety to *Samuel* and *John Woods*, which note is as follows: " $550. On or before the 1st of *March* next, for value received, we jointly promise to pay to *Samuel* and *John Woods*, administrators of the estate of *James Woods*, deceased, or their order, 550 dollars, with interest from the 7th of *May*, 1838, till paid. *Oct.* 30, 1839. (Signed) *James T. Pollock, J. Murray;*" which note, the defendants, at *Pollock's* request, purchased of the payees for 550 dollars, and the latter assigned it to the defendants. 6. The sum of 250 dollars, for 296 bushels and 29 lbs. of wheat sold and delivered by said *Thomas Woods* to *Pollock* at his request; for which *Pollock* gave his note to said *Woods* as follows: " Due *Thomas Woods* for 296 bushels and 29 lbs. of wheat, for which I promise to pay him 75 cents a bushel, and the rise of the market till the 1st of *March* next. *Nov.* 30, 1839. (Signed) *James T. Pollock;*" and defendants aver that the said rise of market made the wheat worth 250 dollars; and thereby *Pollock* became and was indebted to said *Woods* in 250 dollars. All which make the sum of 963 dollars and 92 cents, for which said *Pollock* became indebted to these defendants, in manner and form as in this plea mentioned. The defendants aver, that all and singular said indebtedness of said *Pollock* to the defendants, in manner and form as in this plea set forth, was made and intended to be

made so many payments upon the promissory note declared on, and was so much *paid* upon said note, and was so understood, expressed, and received, and accepted by said *Pollock*, as a payment of 963 dollars and 92 cents on said note, while the said *Pollock* held said note, and before the assignment. And therefore the defendants aver, that, before the assignment, they paid said sum on the note in manner and form aforesaid, and that *Pollock* accepted the same as such payment on said note. And this they are ready to verify.

This plea, as a plea of set-off under the statute, is insufficient, because none of the claims set out in it are legal matters of set-off. Four of the charges are debts alleged to be due from *Pollock* to *Woods*, one of the defendants. One of the others is a debt said to be due from *Pollock* to *Armstrong*, the other defendant. And the remaining charge is an alleged debt due from *Pollock* and one *Murray* jointly to the defendants. The defendants could not jointly sue *Pollock* alone upon any one of the alleged debts, and none of them, therefore, can be a legal set-off in this suit.

We consider the plea, however, to be substantially good as a plea of accord and satisfaction. It shows that, before *Pollock* assigned the note sued on, he was indebted to each of the defendants in several sums of money, and that he and one *Murray* were indebted in a certain sum to the defendants. These debts amounted, in all, to 963 dollars and 92 cents; and to that amount of the debt sued for, the plea was pleaded. It is alleged by the plea, that the indebtedness described in it was made so many payments on the note described in the declaration, and was received and accepted by *Pollock* as a payment on that note before its assignment. The objection to the plea, as a plea of accord and satisfaction, is, that it does not show how the indebtedness relied on was made a payment by the defendants, and accepted as such by *Pollock*, in part discharge of his demand. For example, a part of the indebtedness pleaded arises from a note due by *Pollock* and one *Murray* to the defendants. The plea says, that that indebtedness was made and accepted as a payment; but it does not inform us in what manner the indebtedness was made a payment and accepted as such. If the plea had stated, that, before the assignment of the note

sued on, the defendants and *Pollock* and *Murray* had, after the defendants became possessed of the note given by *Pollock* and *Murray*, agreed that the note last-named should be delivered up to *Pollock*, and that, in consideration of such delivery, so much of the debt due to *Pollock* by the defendants should be considered as extinguished; and the plea had stated further that, in pursuance of such agreement, the defendants had delivered up the last-named note to *Pollock*, and he had accepted it in satisfaction of so much of his demand;—the plea would have been good, so far as the note due from *Pollock* and *Murray* to the defendants was concerned. But no such mode, nor any other mode, is set out, by which that note was made a payment on the debt due to *Pollock*, and accepted by him as such payment. This is, no doubt, an objection to the plea so far as respects that note; but we think it is an objection only to the form, and not to the substance of the plea, and is not therefore reached by a general demurrer.

The plea, with regard to the other parts of the indebtedness which it describes, is subject to a similar objection to that which we have mentioned as applicable to the debt due from *Pollock* and *Murray*, but not to any greater objection.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the issues set aside, with costs. Cause remanded, &c.

S. C. *Stevens*, for the plaintiffs.

J. C. *Eggleston*, for the defendant.